FILED
Jun 27 2019
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY   s/ jenniferv   DEPUTY

Justin Prato Esq, SBN 246968
PRATO & REICHMAN, APC
8555 Aero Drive, Suite 303
San Diego, CA 92108
Telephone: 619-886-0252
Facsimile:  619-241-8309

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ANDREWS, an individual<br><br>Plaintiff,<br><br>vs.<br><br>THOMAS SMITH, an individual, STEPHEN CUNLIFFE, an individual, and, LEGENDARY HOLDINGS INC., a California Corporation.<br><br>Defendants. | Case No.: **'19CV1207 BEN MSB**<br><br>**COMPLAINT FOR DAMAGES, INCLUDING, INTEREST AND ATTORNEY'S FEES FOR BREACH OF CONTRACT AS AMENDED.**<br><br>Jury Demanded |

## COMPLAINT

COMES NOW Plaintiff, David Andrews (hereinafter referred to as "Plaintiff" or "Mr. Andrews") who alleges as follows:

///

///

## JURISDICTIONAL ALLEGATIONS

1. Plaintiff currently is a resident of Cheshire, State of Connecticut.

2. Defendant, LEGENDARY HOLDINGS INC. ("Legendary") is a California corporation located at 2295 Paseo De Las Americas, San Diego CA 92154.

3. Defendant, THOMAS SMITH ("Mr. Smith") is the owner or co-owner of LEGENDARY HOLDINGS INC. and is a resident of San Diego CA.

4. Defendant, STEPHEN CUNLIFFE ("Mr. Cunliffe") is the owner or co-owner of LEGENDARY HOLDINGS INC. and is a resident of San Diego CA.

5. This complaint is brought under the Courts diversity jurisdiction under 28 U.S.C. section 1332 as the Plaintiff is not a resident of California, while the Defendants are, and the amount in controversy is more than $75,000 exclusive of costs and interest.

6. Attached to this Complaint as Exhibit A, is a true and correct copy of a promissory note loan agreement and its amendments that is relevant to this case.

7. This Complaint is timely as it was filed within the four-year statute of limitations under California law that was required in order to file suit.

8. At all times herein mentioned each of the Defendant's was acting on behalf of, or under the authority of the other Defendants.

## FACTUAL SUMMARY

9. In January of 2016, Mr. Cunliffe and Mr. Smith approached Mr. Andrews about a loan of $100,000 to Legendary.

10. After some discussion, Mr. Andrews agreed to the loan for $100,000 for Legendary.

11. However, a condition and consideration of the loan was that Mr. Cunliffe and Mr. Smith had to personally guarantee the loan, to which they agreed.

12. Had Mr. Cunliffe and Mr. Smith not agreed to the personal guarantee, Mr. Andrews would never have lent Legendary the $100,000.

13. A written agreement for the loan was drafted and signed by all of the parties, including Mr. Cunliffe and Mr. Smith as personal guarantors.

14. As the original deadline to pay the loan neared, Mr. Cunliffe and Mr. Smith requested an extension of time to make the payment, to which Mr. Andrews agreed.

15. Mr. Cunliffe and Mr. Smith then requested if they could make payments for 12 months in order to pay off the loan, to which Mr. Andrews agreed.

16. As of January 2019, the amount still due was $92,197.

17. In February of 2019, Mr. Cunliffe and Mr. Smith then made another request to delay payment to Mr. Andrews.

18. Mr. Andrews agreed to this extension and all parties signed an amendment to the loan note.

19. At this time Mr. Andrews was becoming wary of all the delays.

20. However, Mr. Andrews was assured that Legendary was going to be sold for a profit by Mr. Cunliffe and Mr. Smith, and as soon as the sale was final they could repay the entire loan.

21. As part of the new terms, Mr. Andrews requested and was agreed too, that the term that once Legendary was sold, that the loan would be immediately due, and would be immediately paid from the proceeds of the sale.

22. Mr. Andrews, on information and belief, knows that Legendary was sold to another company on in May of 2019 and the sale closed at the end of May of 2019.

23. Mr. Andrews, based on information and belief, believes that Mr. Cunliffe and Mr. Smith received a substantial amount of money for Legendary, yet they have not paid the loan.

24. Mr. Andrews has sent a request for full payment of the loan in June of 2019, to which Mr. Cunliffe and Mr. Smith and Legendary have refused to pay.

25. Mr. Cunliffe and Mr. Smith and Legendary are now in default and breach of the loan as they did not pay the loan off upon sale of Legendary.

26. The loan documents contain a clause for interest and attorney's fees.

27. The final amendment to the loan also includes a liquidated damages clause in case of breach of the agreement for $10,000.

28. The purpose of this liquidated damages clause was to ensure the proper repayment of the loan and cover Mr. Andrews for any damages caused by the breach.

29. Each of these modifications to the loan note were written and signed by all parties.

30. None of these modifications changed the personal guarantee of Mr. Cunliffe and Mr. Smith.

31. As of July 2019, due to interest, the repayment amount is now $104,130.

32. Mr. Andrews now files this complaint for breach of contract for full payment of the promissory note with interest and attorney's fees.

### FIRST CAUSE OF ACTION
[Breach of Contract]

33. Plaintiff realleges all paragraphs above and incorporates them herein by reference.

34. Plaintiff has preformed all obligations, covenants, conditions, and promises required on his part to be preformed in accordance with the terms and conditions of the promissory note loan agreement.

35. Defendants have materially breached and defaulted on the promissory note loan agreement by failing to repay the loan in accordance with the terms and conditions of the promissory note loan agreement.

36. Plaintiff has been damaged in the amount of at least $104,130 as of July 1, 2019 as a direct and proximate result of the Defendants material breach of the promissory note loan agreement, also incurring attorney's fees and costs to have to bring suit.

37. Plaintiff has been further damaged in the amount of $10,000 as of July 1, 2019 as a direct and proximate result of the Defendants material breach of the promissory note loan agreement.

38. As of the date of this complaint, Defendants have not remedied the breach.

39. As such, Plaintiff is entitled to damages as prayed for below.

///

///

WHEREFORE Plaintiff prays for judgment against defendants, and each of them, as follows:

On ALL CAUSES OF ACTION:

1. For payment of the amount due ($104,130 as of July 1, 2019) with applicable interest agreed to in the loan;

2. For payment of liquidated damages in the amount of $10,000;

3. For attorney's fees and costs pursuant to the contact;

4. For costs of suit herein incurred; and

5. For such further relief as the Court deems proper.

DATED: 06/27/2019                                   **PRATO & REICHMAN, APC**

                                                  __/s/ Justin Prato Esq._____
                                                  By: Justin Prato Esq..
                                                  **Prato & Reichman, APC**
                                                  Attorneys for Plaintiff
                                                  David Andrews